Paul George, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Comfort Wholesale Heating & Supply Co. and Trans-America Insurance Group, Respondents.

Argued September 14, 1978, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Nathan I. Raiken,* for petitioner.

*Martin J. Fallon, Jr.,* with him *Swartz, Campbell & Detweiler,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., December 5, 1978:

Paul George (Claimant) appeals a decision of the Workmen's Compensation Appeal Board (Board) which reversed the referee's award of benefits to Claimant pursuant to Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §431.

We reverse.

Claimant was employed as an oil burner repairman/serviceman by the Comfort Wholesale Heating and Supply Company (Employer). On February 13, 1974, while in the course of his employment, he sustained injuries to his right hand, left shoulder, pelvis and lower back. A compensation agreement was executed on March 4, 1974, whereby Employer agreed to pay him total disability benefits. Following Claimant's back injury, a laminectomy operation to remove a protruded lumbar disc was performed on July 10, 1974.

On July 3, 1975, Employer filed a petition for suspension of benefits alleging that Claimant could resume employment as of April 16, 1975. The referee denied the petition and found that Employer failed to sustain its burden of proving Claimant's capacity to work; that Claimant suffered from residuals of his injury causing numbness in his left leg, slight but constant pain in his back, and the frequent sensation of impending bowel movement; that Employer failed to sustain its burden of proving availability of jobs for Claimant; and that Claimant remained totally disabled as of April 16, 1975.

On appeal, the Board, without taking additional evidence, reversed the referee, finding that he disregarded competent evidence and made conclusions of law which were not sustained by the record.[1]

Claimant now comes to us and argues that since the Board took no additional evidence, and the referee is the ultimate finder of fact and the final arbiter of questions of credibility, and since there is substantial evidence to support the referee's conclusion, it erred in reversing the referee's decision.

We agree.

At the referee's hearing, Claimant's physician testified that Claimant had made an excellent recovery from his operation and that he was satisfied that Claimant could return to the labor market noting a caveat against strenuous lifting. He testified that his

---

[1] Relevant portions of the deleted findings of fact are as follows:

4. . . . [T]he Referee is not satisfied that Defendant has carried its burden of proving that Claimant is in a condition to perform even light work. . . .

. . . .

6. Defendant has failed to sustain its burden of proving that there are jobs available to this medically partially disabled claimant. . . .

records disclosed nothing which would indicate that Claimant complained of backaches or numbness during his follow-up visits. However, he did recall that Claimant had told him that he had difficulty sitting for long periods of time.

Claimant testified that on at least two occasions during visits to his doctor he complained of pains in his back and of the loss of sensation in his left leg, but that he was told by the doctor that his continuing discomfort could not be arrested.

It has been settled without question that the referee is the judge of credibility and, absent receipt of additional evidence, the Board may not alter the referee's findings of fact. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Thus, it is within the exclusive province of of the referee to find whether Claimant's testimony is more persuasive than his treating physician's.

In an effort to meet its burden of proving the availability of work,[2] Employer called upon a vocational psychologist who testified that, based upon job descriptions delineated in the Dictionary of Occupational Titles, jobs were in fact available in the Philadelphia labor market to persons with Claimant's physical abilities, educational level and vocational background. The referee gave little weight to this testimony, for he found that the witness incorrectly assumed that Claimant was a proficient oil burner installer. However, in fact, Claimant possessed no such expertise but was simply responsible for oil burner deliveries.

---

[2] Employer has the burden of showing that the disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant is capable of doing such work. *See Workmen's Compensation Appeal Board v. Pennsylvania School Boards Association,* 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977).

20

After carefully reviewing the record, we are satisfied that the referee properly exercised his judgment on the issue of the credibility of the witnesses and that he did not capriciously disregard the competent evidence before him when he made the findings of fact and conclusions of law he did. We, therefore, must conclude that the Board acted improperly in reversing the referee without taking additional evidence. *Workmen's Compensation Appeal Board v. H. P. Foley Co.,* 18 Pa. Commonwealth Ct. 540, 336 A.2d 892 (1975).

Accordingly, we

ORDER

AND Now, this 5th day of December, 1978, the order of the Workmen's Compensation Appeal Board is reversed and it is ordered that compensation payments recommence to Claimant, Paul George, for total disability at the rate of $106.00 per week from April 16, 1975 and continuing until such time as they may expire under the provisions of the Act, as amended.

The above award is to bear interest payable at ten percent (10%) per annum on all deferred payments of compensation from the date due to the date paid in accordance with the provisions of the Act.