509 A.2d 933

Richard Pasquarello, Petitioner *v.* Workmen's Compensation Appeal Board (Bechtel Power Corp.), Respondents.

Submitted on briefs April 10, 1986, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Lawrence A. Ruth,* for petitioner.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for respondent, Bechtel Power Corporation.

OPINION BY JUDGE CRAIG, May 19, 1986:

Richard Pasquarello appeals from a Workmen's Compensation Appeal Board decision which affirmed a referee's granting of employer Bechtel Power Corporation's petition to modify claimant's status from totally disabled to partially disabled.

In February 1979, the claimant, during the course of his employment, suffered a herniated disc in his lower back. Consequently, pursuant to a notice of compensation payable, the claimant received total disability benefits at the rate of $227 per week. Alleging that the claimant could return to limited work as of October 5, 1981, the employer filed a petition for suspension or modification as of that date.

Before the referee, the parties presented contradictory evidence as to whether the claimant was capable of employment. The claimant's treating physician testified that the claimant was incapable of performing any work. However, the employer, through the deposition of a Dr. Murray Glickman, presented testimony that the claimant was able to do light work in a full-time capacity. The referee resolved the conflicting testimony in favor of the employer and granted the employer's petition.

Where, as here, the party with the burden of proof has prevailed before the compensation authorities, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was

committed, or findings of fact were not supported by substantial evidence. *United States Steel Corporation v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980).

Here, the claimant contends the referee committed an error of law by permitting the employer's doctor to testify through a deposition, rather than to appear before the referee. Specifically, the claimant argues that section 422 of The Pennsylvania Workmen's Compensation Act[1] barred the referee from accepting the employer's physician's testimony by deposition because the claimant's claim was for disability in excess of twenty-five weeks. We cannot agree.

> Section 422, in pertinent part, reads as follows:
> If any party or witness resides outside of the Commonwealth, or through illness or other cause is unable to testify before the board or referee, his or her testimony or deposition may be taken, within or without this Commonwealth, in such manner and in such form as the department may, by special order or general rule, prescribe....
>
> Where any claim for compensation at issue before a referee involves twenty-five weeks or less of disability, either the employee or the employer may submit a certificate by any qualified physician as to the history, examination, treatment, diagnosis and cause of the condition, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports.

The first paragraph of section 422 set forth circumstances permitting the referee or board to accept into

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §835.

evidence deposition testimony of a party or witness. The second paragraph of section 422 has no effect on the use of depositions. Instead, in claims involving more than twenty-five weeks of disability, that paragraph excludes from evidence medical records which have merely been certified by physicians. *See Purex Corporation v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 499, 445 A.2d 267 (1982). Thus, the use of the employer physician's deposition was correct so long as there was a proper cause as set forth in the first paragraph of section 422. Here the proper cause for accepting the physician's deposition testimony was to avoid the physician from having to take time from his busy schedule to appear in person.

Having decided that the referee properly admitted the deposition of the employer's physician, we are left with the issue of credibility. Here, both medical experts were competent. Resolution of the conflicting testimony between the employer's medical expert and the claimant's medical expert was for the referee, and we cannot disturb it on appeal. *George v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 16, 394 A.2d 1080 (1979). Furthermore, as the factfinder, the referee not only resolves questions of credibility but also may accept or reject the testimony of any witness in whole or in part. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Accordingly, we affirm.

### ORDER

Now, May 19, 1986, the order of the Workmen's Compensation Appeal Board, Docket No. A-87842, is affirmed.