518 A.2d 895

Anthony Gabriel, Petitioner *v.* Workmen's Compensation Appeal Board (No. 1 Contracting Corporation), Respondents.

Submitted on briefs September 8, 1986, to Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Robert J. Gillespie, Sr., Bigelow, Gillespie and Cooper,* for petitioner.

*Joseph L. Vender,* for respondent, No. 1 Contracting Corporation.

OPINION BY JUDGE PALLADINO, December 15, 1986:

This is an appeal by Anthony Gabriel (Petitioner) from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee which denied Petitioner's claim for Workmen's Compensation benefits. We affirm.

On November 23, 1982, Petitioner, while engaged in his employment as a crane operator for No. 1 Contracting Corporation, suffered chest pains which he characterizes as "an injury in the nature of a heart attack." At the time he suffered these chest pains, Petitioner was pulling and putting outrigger pads, weighing between 50 and 75 pounds, beneath the crane he was operating.[1] Thereafter, Petitioner went to the office of

---

[1] Section 418 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §833 states, in relevant part: "The referee to whom a petition is assigned for hearing . . . shall make, in writing . . . findings of fact, conclusions of law, and award or disallowance of compensation. . . ."

"[T]he referee is required to find the critical facts in the case upon which he bases his conclusions. This is necessary in order to provide the Board and this Court with the opportunity to exercise meaningful review. A synopsis or summarization of evidence is not

Dr. Field, his cardiologist, who had him admitted to the hospital that same day. Subsequently, Petitioner was transferred to the Milton S. Hershey Medical Center where he underwent cardiac catherization and triple by-pass surgery.

The referee made the following relevant findings of fact:

3. . . . The claimant has a smoking history of one to two packs of cigarettes per day.

. . . .

5. Dr. Field did not testify that the claimant's work activities caused his extensive coronary artery disease, and your referee finds that the claimant suffered from preexisting extensive coronary artery disease which bore no relationship to his employment with the defendant No. 1 Contracting Corporation. Your referee finds that the claimant did not suffer a heart attack on November 23, 1982, and this finding is supported by the testimony of claimant's own physician. At the very most, the claimant suffered a temporary exacerbation of his angina symptoms on November 23, 1982, which resulted in no lasting injury of any kind. Your referee, therefore, finds credible and accepts the testimony of Dr. Goldstein that the claimant suffers from advanced coronary artery disease of long duration, and that

fact-finding." *Marcks v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 107, 110, 442 A.2d 9, 11 (1982).

In his third finding of fact, the referee stated: "He [Petitioner] testified that on November 23, 1982, he was setting up a crane when he experienced chest pain while putting outrigging pads on the crane." A recitation of the testimony of a witness does not constitute a finding of fact. We caution referees that reciting testimony instead of making proper findings of fact may necessitate a remand to make such findings, requiring a duplication of effort which disturbs this Court.

there is no connecting relationship between being a crane operator and the presence of arteriosclerosis of the coronary arteries.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence of record. *Estate of McGovern v. Pennsylvania State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The referee accepted the testimony of Defendant's medical witness, Dr. Goldstein, as the more credible. In a workmen's compensation case all questions of weight and credibility are for the fact-finder. A referee may "evaluate the credibility of opposing witnesses and accept the testimony of one medical witness over another." *McCarter v. Workmen's Compensation Appeal Board (Boeing Vertal Co.),* 94 Pa Commonwealth Ct. 261, 267, 503 A.2d 990, 993 (1986). Even assuming that Dr. Field, Petitioner's medical witness, had testified unequivocally, "this court has consistently held that the task of resolving conflicts in medical testimony lies solely with the referee, and where the referee's findings are supported by substantial evidence, the courts will affirm the decision of the Board." *Id.* Our review of the record leads us to conclude that the referee's findings of fact are supported by substantial evidence of record and that he committed no errors of law.

Accordingly, we affirm.

### ORDER

AND NOW, December 15, 1986, the order of the Workmen's Compensation Appeal Board at Docket No. A-89237, dated November 1, 1985, is affirmed.