527 A.2d 636

Joseph Fritz, Petitioner *v.* Workmen's Compensation Appeal Board (Kim Manufacturing Co., Inc.), Respondents.

Submitted on briefs December 11, 1986, to Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Ralph D. Friedman, Friedman & Friedman,* for petitioner.

*J. Davy Yocky,* for respondent, Kim Manufacturing Co., Inc.

Opinion by Judge Barry, June 29, 1987:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying the claim petition of Joseph Fritz (claimant).

Claimant was employed with the defendant, Kim Manufacturing Co. (employer) from September, 1948 to November, 1977 in a variety of capacities, concluding his employment as the plant supervisor in Downingtown. On April 24th, 1980, claimant filed a claim petition alleging "[l]iver damage and cancer of kidney [sic]

resulting from exposure to Tricholorethylene, Perchloroethylene, Phosgene, and Hydrocarbon Chloride." The further allegation was made that claimant was exposed to these chemicals while employed with the Kim Manufacturing Co. (the employer), and that as a result of his injury he had been disabled from November 14, 1977 to the present. A responsive answer was filed denying the allegations.

At hearings claimant appeared and testified that he had been exposed to the hazardous chemicals recounted above. He also testified, however, that he was currently employed on a full-time basis. A continuance was then agreed upon in order for medical testimony to be adduced.

Over the next two years, however, claimant requested fourteen *more* continuances in order for this testimony to be obtained. After claimant was advised by the referee that the record would be closed, the referee finally did so in October, 1982. The referee thereupon denied the claim, finding that the claimant's testimony was not competent to establish exposure to an occupational disease hazard, and concluding also that proper notice of injury,[1] even under the discovery rule[2] was not timely communicated to the employer.

The claimant appealed but the Board affirmed on the same grounds. The Board did not, however, rule on the employer's motion to quash the appeal on the grounds of untimeliness. The claimant then brought the present petition for review.[3]

---

[1] Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736 (Act), 77 P.S. §631.

[2] *See id. And see Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 77, 407 A.2d 117, 118 (1979).

[3] Our review is, of course, limited to a determination of whether an error of law has been committed, whether constitutional

Although the claimant raises a number of issues with respect to the referee's decision, we need not address them. The record reveals that claimant did not appeal the referee's decision until December 19, 1982, a point far beyond the twenty-day limit which commenced on November 3, 1982, the day on which the referee's decision was mailed to the claimant. That twenty-day limit, codified in Section 423 of the Act, 77 P.S. §853, has long been held jurisdictional,[4] and once the time limit expired the referee's decision became final. Consequently, that decision was beyond the review of the Board.[5]

Further, claimant has alleged no conduct on the part of the employer or of any administrative official which would allow an appeal *nunc pro tunc*,[6] nor has he alleged any third-party conduct which might make a tardy appeal reviewable under the doctrine established in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979).[7] Claimant only alleges—as explained in a letter

---

rights have been violated, or whether the findings of fact are supported by substantial evidence. *See Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

[4] *See, e.g., Washington v. Workmen's Compensation Appeal Board (Harrisburg Hospital)*, 69 Pa. Commonwealth Ct. 255, 257, 450 A.2d 803, 804 (1982).

[5] *See Dinges Transfer v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 468, 471, 326 A.2d 668, 669 (1974).

[6] *See Wise v. Borough of Cambridge Springs*, 262 Pa. 139, 144, 104 A. 863, 864 (1918). *See also Drafts v. Shelburne Co.*, 26 Pa. Commonwealth Ct. 76, 362 A.2d 464 (1976).

[7] In *Bass*, the Court declared that a *nunc pro tunc* appeal would lie where a showing was made that the non-timely filing was the result of "non-negligent failure[, which] was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Id*. at 260, 402 A.2d at 1135-36. For its application to Section 423 of the Act, *see Tony Grande v. Workmen's Compensation Appeal Board (Rodriguez)*, 71 Pa. Commonwealth Ct. 566, 568, 455 A.2d 299, 300 (1983).

to the Board in which he admits the tardiness of his appeal—that he was "not skilled in the law. . . ." Such excuses are not, however, sufficient to overcome the jurisdictional bar of Section 423. *Workmen's Compensation Appeal Board v. Gaines,* 24 Pa. Commonwealth Ct. 307, 308-09, 355 A.2d 595, 596 (1976) ("Mere hardship is insufficient cause.")

It is well recognized that this Court may affirm an order of an administrative tribunal where grounds for affirmance exist, even if the reasons relied upon by that tribunal in reaching its decision were incorrect. *Gregorious v. Workmen's Compensation Appeal Board,* 87 Pa. Commonwealth Ct. 86, 486 A.2d 564 (1985). Here the Board affirmed the referee's decision on the merits when it lacked jurisdiction to entertain that appeal; the appeal should have been quashed. In any event, the decision of the referee should stand and for that reason, we will affirm the Board's order.

Affirmed.

ORDER

NOW, June 29, 1987, the order of the Workmen's Compensation Appeal Board, dated April 12, 1984, at No. A-85102, is affirmed.