530 A.2d 982

Pittsburgh Moose Lodge # 46 and Fireman's Fund Insurance Co., Petitioners *v.* Workmen's Compensation Appeal Board (Grieco, Jr.), Respondents.

Angelo Grieco, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Pittsburgh Moose Lodge # 46 and Fireman's Fund Insurance Company), Respondents.

Argued October 6, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Daniel Horshman*, with him, *Mark Gordon, Meyer, Darragh, Buckler, Bebenek & Eck*, for petitioner/ respondent, Pittsburgh Moose Lodge # 46 and Fireman's Fund Insurance Co.

*John P. Joyce*, for respondent/petitioner, Angelo Grieco, Jr.

OPINION BY JUDGE PALLADINO, August 28, 1987:

This case arises on cross appeals filed by Pittsburgh Moose Lodge No. 46 and its insurance carrier, Fireman's Fund Insurance Co. (Employer), and Angelo Grieco, Jr. (Claimant) from an order of the Workmen's Compensation Appeal Board (Board). Employer also filed a Motion to Quash Claimant's Appeal to this Court. The Board affirmed a referee's order, granting Employer's Petition for Modification pursuant to Section 413 of the Pennsylvania Workmen's Compensation Act (Act).[1] For the reasons which follow, we affirm the Board and deny Employer's Motion to Quash Claimant's appeal.

Claimant injured his lower back on June 14, 1982 while in the course and scope of his employment as a janitor. Thereafter, Claimant and Employer entered into a Notice of Compensation Payable wherein Claimant received $120.00 per week based upon a pre-injury wage rate of $134.00 per week.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

On November 10, 1983, Employer filed a Modification Petition, alleging that Claimant was only partially disabled and that work was available within his physical limitations. After a hearing, the referee, by order dated December 12, 1984, granted Employer's Petition for Modification directing that partial disability benefits of $32.67 per week be paid to Claimant, effective February 13, 1984. The referee's order was mailed to the parties on December 18, 1984. Thereafter, both parties appealed to the Board. Employer interposed a Motion to Quash Claimant's appeal as untimely, alleging that Claimant did not file his appeal within the twenty (20) day period provided by Section 423 of the Act, 77 P.S. §853. By order dated October 4, 1985, the Board affirmed the referee, concluding that there was sufficient competent evidence to support his findings of fact and that he made no errors of law. Accordingly, the Board dismissed Employer's Motion to Quash as moot.

On appeal to this Court, Claimant asserts that the record does not contain sufficient evidence to support the findings of fact that there were jobs available to him at the time he was released by any physician to return to work. Employer, on the other hand, asserts that Claimant's benefits should have been suspended, rather than modified, because the referee accepted the medical testimony of Employer's doctor, finding that Claimant could perform all of the jobs approved by him. Since 5 of the 6 jobs approved by Employer's doctor, Dr. Zimmerman, involved full-time employment paying in excess of Claimant's Workmen's Compensation benefits, Employer asserts that the highest paying job should have been utilized. This, Employer asserts, would require a suspension of benefits pursuant to Section 413 of the Act. Further, Employer, in response to Claimant's appeal, filed a Motion to Quash, asserting that Claimant failed to file a timely appeal from the referee's decision.

Our scope of review in an appeal from the Workmen's Compensation Appeal Board is limited to a determination of whether an error of law was committed, constitutional rights were violated or whether there is substantial evidence in the record to support the findings of fact. *Gabriel v. Workmen's Compensation Appeal Board (No. 1 Contracting Corp.),* 102 Pa. Commonwealth Ct. 470, 518 A.2d 895 (1986).

Claimant filed a petition for review with this Court essentially raising the same issues as he propounded before the Board. Pursuant to Pa. R.A.P. 1972, Employer filed a Motion to Quash alleging that Claimant failed to timely file an appeal from the referee's decision to the Board and that this failure precludes the Commonwealth Court's consideration of Claimant's appeal. Employer does not allege that the appeal from the Board to this Court was untimely, nor does it complain of any other procedural irregularity.

The timeliness of Claimant's appeal from the order of the referee to the Board goes to the jurisdiction of that tribunal to entertain the appeal. If the appeal was untimely, the Board did not have jurisdiction to reach the merits. *See Workmen's Compensation Appeal Board v. The Budd Co.,* 29 Pa. Commonwealth Ct. 249, 370 A.2d 757 (1977). Thus, Employer should have raised the timeliness issue in its Petition for Review. Pa. R.A.P. 1972 states: "Subject to Rule 123 (applications for relief), any party may move: . . . (7) To quash for any other reason appearing on the record."

[A]pplication under Pa. R.A.P. 123 is permitted only where no other form is elsewhere prescribed by the Rules of Appellate Procedure. Pa. R.A.P. 1502 provides, in pertinent part, that the petition for review, when used to appeal administrative agency actions, 'shall be the *exclusive procedure* for judicial review of a determination

of a governmental unit.' (Emphasis added.)
Clearly then, resort to an application under Pa.
R.A.P. 123 is in error when it merely raises
matters which either were or should have been
raised in a petition for review.

*Tempero v. Department of Environmental Resources,* 44
Pa. Commonwealth Ct. 235, 240, 403 A.2d 226, 229
(1979). (Emphasis in original.) Since it relates to the ju-
risdiction of the Board rather than to any flaw in the
mechanics of the appeal to this Court, there is clearly
an issue which should have been raised in a Petition for
Review. As such, the Motion to Quash Claimant's ap-
peal to this Court is dismissed.

However, we need not reach the merits of
Claimant's appeal. Claimant had twenty (20) days after
notice of the referee's order was served upon him to ap-
peal to the Board. Section 423 of the Act, 77 P.S. §853.
The twenty day limit is jurisdictional, *Fritz v. Work-
men's Compensation Appeal Board (Kim Manufacturing
Co.),* 107 Pa. Commonwealth Ct. 168, 527 A.2d 636
(1987), which issue may be raised at any time sua
sponte by an appellate court. *Commonwealth v. Little,*
455 Pa. 163, 314 A.2d 270 (1974); *Wagner v. Pennsylva-
nia Board of Probation and Parole,* 104 Pa. Common-
wealth Ct. 403, 523 A.2d 155 (1987).

The decision of the referee was mailed on December
18, 1984. Notice is deemed served on the day when
mailed. *Riley Stoker Corp. v. Workmen's Compensation
Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d
205 (1973); Section 406 of the Act, 77 P.S. §717. Thus,
to have been timely, Claimant must have placed his ap-
peal in the mail on or before January 7, 1985.
Claimant's appeal is dated January 8, 1985 and is
postmarked January 9, 1985. Claimant's appeal to the
Board was untimely and, thus, the Board lacked juris-

diction to consider the issues raised by Claimant. As such, it was error for the Board to dismiss the Motion to Quash as moot and address the merits. *Fritz.*

Lastly, Employer asserts that the referee erred by modifying rather than suspending benefits because he adopted the medical and vocational testimony of witnesses which established the availability and suitability of full-time work.[2] The referee, as factfinder, resolves questions of credibility and is free to accept or reject the testimony of any witness in whole or in part. *Pasquarello v. Workmen's Compensation Appeal Board (Bechtel Power Corp.)*, 97 Pa. Commonwealth Ct. 307, 509 A.2d 933 (1986).

---

[2] The referee made the following relevant findings of fact:
FOURTH: Defendant's medical proof consisted of the deposition testimony of Dr. Ronald L. Zimmerman who examined the claimant on June 15, 1983. Dr. Zimmerman reported that claimant was able to walk on his heels and toes and was able to go from a standing to a squatting position in a guarded fashion. He reported that claimant had full motion of the neck with no spasms or tenderness. There were no findings in the mid-back area. The low back examination revealed no tenderness or spasm but Dr. Zimmerman noted that the claimant could only flex forward to where his fingertips came to eighteen inches from the floor. The neurological examination was essentially normal except for release at the knees. The CT scan was reviewed and it revealed a bulging of the discs but no herniation. It was the opinion of Dr. Zimmerman that claimant has status-post lumbosacral strain with residual discomfort with no significant underlying degenerative disease. It was the opinion of Dr. Zimmerman that the claimant could perform full time light work. He is capable of sitting six to eight hours a day. He can lift up to twenty pounds infrequently and is capable of using his upper extremities for pushing, pulling and five finger dexterity.
FIFTH: Dr. Zimmerman approved the following jobs which the claimant can do within his medical limitations:
(a) Security Guard, Pittsburgh Mattress Company,

In the Ninth Finding, the referee states that based upon Dr. Zimmerman's testimony the Claimant became partially disabled from the injury and that he can perform the jobs listed in the Fifth Finding of Fact. The referee does not, however, adopt the testimony of Dr. Zimmerman in toto, does not find that Claimant can perform the jobs in the Fifth Finding on a full-time ba-

---

(b) Senior Adult Training Program,

(c) Clerk/Maintenance at the Small Mall,

(d) Light delivery driver for Thrift Optical Department,

(e) Learn and Earn Program,

(f) Security Guard for Dig and Career, Inc.

SIXTH: The defendant through its vocational expert made known to the claimant the availability of each of the jobs and advised the respective employers of claimant's physical limitations.

SEVENTH: This Referee finds that the claimant defeated his opportunity to secure the available jobs by protesting to the employers that he was unable to work.

EIGHTH: Claimant's medical proof consisted of the deposition testimony of Dr. Carmello A. Ranii who has treated the claimant at various times for low back injuries. Dr. Ranii diagnosed claimant's condition as sacroiliac disease, bilateral; discogenic disease and osteoarthritis and bilateral strain which he felt was a result of the work injury. Dr. Ranii pursued an aggressive course of physical therapy in treating the claimant. It was his opinion that claimant is totally disabled and is unable to perform sedentary occupations.

NINTH: This Referee has carefully considered the evidence, both medical and lay, and finds in accordance with the testimony of Dr. Zimmerman that the claimant became partially disabled from the injury and can perform the jobs listed in the Fifth Finding of Fact.

TENTH: This Referee finds specifically that claimant can perform the job as a telephone solicitor for the Learn and Earn program for the disabled. The job was available to the claimant on February 13, 1984, for which he is capable of earning $85 weekly. This is based on a twenty-five hour work week at the rate of $3.40 per hour.

sis nor that the jobs in this finding were available as of the date the injury resolved itself into partial disability.

In the Tenth Finding, the referee specifically found a particular job performable by Claimant on a part-time basis and available as of a date certain. Although Dr. Zimmerman and the vocational witnesses testified that Claimant could perform all of these jobs and that all were available, the referee is not bound to accept everything they say merely because he accepts a portion of it. *Pasquarello.* The record contains substantial evidence to support the Tenth Finding.

Accordingly, we affirm.

### ORDER

AND NOW, August 28, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed. Employer's Motion to Quash Petitioner's Appeal, filed in this Court, is denied.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

Section 406 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §717, provides:

> All notices and copies to which any parties shall be entitled . . . shall be served by mail. . . . For the purpose of this article any notice shall be deemed served on the date when *mailed, properly stamped,* and *addressed,* and shall be presumed to have reached the party served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given by this act.

The department, secretary of the board, and every referee shall keep a careful record of the date of mailing every notice and copy required by this act to be served on the parties in interest. [Emphasis added.]

Thus, the Act creates a rebuttable presumption of receipt of the notice when such notice is mailed, properly stamped and addressed. This issue was raised before the Board, and the evidence was that the referee's decision was "circulated" on December 18, 1984. The date of "circulation" is not what triggers the running of the appeal time. It is the receipt of notice which is presumed when the evidence shows a properly stamped, addressed and mailed letter containing such notice. There was no such finding.

Proof of mailing, correct addressing, and due posting of a letter raises the presumption that it was received by the addressee. *Cwiklinski v. Burton,* 217 N.J. Super. 506, 526 A.2d 271 (1987). We must focus upon whether claimant's proofs are sufficient to allow him to overcome this presumption.

The fact of mailing cannot be established by the mere dictation or writing of a letter coupled with evidence of an office custom with reference to the mailing of letters, in the absence of some proof or corroborating circumstance sufficient to establish the fact that the custom in the particular instance had in fact been followed. The testimony from one who actually mails the notices or letters is necessary to establish conclusively the fact of mailing. On this issue, I would remand to the Board for a finding based on the evidence.

On the merits, I do not believe that there is sufficient substantial evidence to sustain the Board's modification of compensation. A modification of a compensation agreement means that the claimant's condition has abated, and that work is available which the claimant is

capable of doing. While the employer does not have to produce the job, work is available only if it can be performed by claimant, having regard for his physical condition, restrictions and limitations, his age, intelligence, education, and work experience. *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 91 Pa. Commonwealth Ct. 571, 498 A.2d 34 (1985), appeal granted 511 Pa. 231, 512 A.2d 1152 (1986). The employer has the burden of proof. *M.A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Harvey)*, 86 Pa. Commonwealth Ct. 353, 485 A.2d 93 (1984).

On the issue of available work, expert rehabilitation testimony indicated that a number of positions were available. Dr. Zimmerman, who was not the treating physician, opined that claimant could do this work, light work, within claimant's limitations. However, the referee found that only one position was actually suitable for claimant, namely, a sitting telephone solicitations job for a handicapped person.

Claimant's treating physician testified that claimant's spinal and back condition was such that claimant could not perform this job. Claimant himself testified that when he told the company of his physical condition and his doctor's opinion, the company told him not to bother to apply. Claimant's work background was one of a janitorial nature and hard labor.

While it was within the referee's province to determine if the claimant could perform this job, such conclusion must be a reasonable one based on the evidence, including the medical testimony. The evidence does not support the referee's finding that the position was within claimant's ability to perform.