IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Armour Pharmacy, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1726 C.D. 2017 |
| | : | Argued: December 12, 2018 |
| Bureau of Workers' Compensation | : | |
| Fee Review Hearing Office | : | |
| (Wegman's Food Markets, Inc.), | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: April 12, 2019

Armour Pharmacy (Pharmacy) petitions for review of an adjudication of the Bureau of Workers' Compensation, Fee Review Hearing Office (Hearing Office) vacating two determinations of the Bureau's Medical Fee Review Section that directed Wegmans Food Markets, Inc. (Employer) to reimburse Pharmacy for medications it had dispensed to Kathleen Hackman (Claimant). Employer challenged these fee determinations for the stated reason that Pharmacy was not a "provider" under the Pennsylvania Workers' Compensation Act (Act)[1] and, thus, not entitled to reimbursement. Concluding that the Bureau's Medical Fee Review Section lacked jurisdiction to determine whether Pharmacy was a "provider," the

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

Hearing Office vacated the two determinations and dismissed Employer's appeal thereof. Pharmacy argues that the Hearing Office's adjudication has left it without a forum in which to challenge Employer's refusal to reimburse it for medications it dispensed to treat Claimant for her work injury, and this violates due process. Concluding that this matter is controlled by our recent decision in *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegman's Food Markets, Inc.)* __ A.3d __, (Pa. Cmwlth., No. 1725 C.D. 2017, filed March 29, 2019) (en banc) (*Armour I*),[2] we reverse and remand.

On November 18, 2016, Jeffrey M. Friedman, M.D., prescribed Claimant a medical cream compound consisting of "Ketamine 10%, Flurbiprofen 10%, Gabapentin 10%, Cyclobenzaprine 3%, Bupivacaine 2%, [and] Transdermal Base (qs)" to treat her pain. Reproduced Record at 5a (R.R. __). Pharmacy dispensed the medication to Claimant on two occasions and thereafter invoiced Employer $2,426.11 for each prescription. Employer denied payment on the first invoice of November 22, 2016, for the following reasons:

> Charge for pharmaceuticals exceed the fees established by the fee schedule/UCR [usual and customary] rates [and Employer] does not cover pain cream compounds[.] [A] letter of medical necessity from your doctor is required if no alternatives are available[.]

R.R. 4a. Employer denied payment on the second invoice of December 21, 2016, stating, "Denied: Medical records. Please resubmit with related medical records to: [Employer's address]." R.R. 23a.

---

[2] This matter was argued seriately with *Armour I*. The two cases were consolidated at the hearing before the hearing officer. Nevertheless, the hearing officer issued two separate decisions that were not consolidated before this Court.

Pharmacy filed two applications with the Bureau's Medical Fee Review Section, requesting a review of Employer's refusal to pay the two invoices. The Medical Fee Review Section determined that the amount of payment owed under the required "Workers' Compensation fee calculations" was $2,214.76. R.R. 28a. The Medical Fee Review Section directed Employer to pay Pharmacy $2,214.76, plus ten percent interest on each invoice.

Employer filed two requests for a hearing to contest the fee review determinations. As to the first determination, Employer asserted that Pharmacy was not a "provider" under the Act[3] and that the cost of the compound cream was excessive and exceeded the statutory rate. As to the second determination, Employer lodged the same challenges, but additionally asserted a "lack of reasonableness and necessity for the products billed." R.R. 36a.

The hearing requests were consolidated by the Hearing Office. At the hearing, Employer stated that the issues were whether Pharmacy was a provider; whether Pharmacy charged appropriate amounts for the medications; and whether Pharmacy may be "tied in with several other pharmacies . . . [a]ll of whom operate under another banner, so to speak." R.R. 45a.

---

[3] Section 306(f.1)(1)(i) of the Act requires an employer to pay for "reasonable surgical and medical services, services rendered by physicians or other *health care providers* . . . medicines and supplies, as and when needed." 77 P.S. §531(1)(i) (emphasis added). Section 306(f.1)(5) of the Act allows a "provider who . . . disputes the amount or timeliness of [a] payment from the employer or insurer" to file an application for fee review. 77 P.S. §531(5). Section 109 of the Act defines a "[h]ealth care provider" as follows:

> [A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. §29.

On May 25, 2017, Employer requested the Hearing Office to issue a subpoena directing Pharmacy to provide, among other things, "[a]ll documents which show 'who' actually prepares the compound creams involved in the present dispute/fee review; and if not actually prepared by [Pharmacy], documents relating to the entity that actually does produce the compound creams." Supplemental Reproduced Record at 2b. At a June 20, 2017, hearing held on Employer's subpoena request, the parties agreed that the threshold issue was whether Pharmacy was, in fact, a provider under this Court's holding in *Selective Insurance Company of America v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 86 A.3d 300 (Pa. Cmwlth. 2014).[4] On July 24, 2017, Employer filed a motion to dismiss its own appeal, arguing that the Hearing Office lacked jurisdiction.

By decision and order dated November 1, 2017, the Hearing Office granted Employer's motion to dismiss for lack of jurisdiction based on this Court's decision in *Selective Insurance*. Likewise, the Medical Fee Review Section lacked jurisdiction to issue its fee review decisions. Finally, the Hearing Office rejected Pharmacy's waiver argument, noting that under *Pittsburgh Moose Lodge #46 v. Workmen's Compensation Appeal Board (Grieco, Jr.)*, 530 A.2d 982 (Pa. Cmwlth. 1982), a tribunal's subject matter jurisdiction may be raised at any time.

On appeal,[5] Pharmacy argues that the Court should reconsider its ruling in *Selective Insurance* because it leaves a provider that renders medical treatment to

---

[4] *Selective Insurance* was overruled in *Armour I*.

[5] This Court's scope of review of a decision by the Hearing Office determines whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the hearing officer committed an error of law. 2 Pa. C.S. §704; *Walsh v.*

a workers' compensation claimant without recourse whenever an employer refuses payment for the stated reason that the provider is not a "provider" within the meaning of the Act. Pharmacy suggests that this Court direct the Bureau of Workers' Compensation to promulgate a regulation to create a remedy by which a putative provider may obtain a determination of its status. A remedy is necessary because otherwise Pharmacy will be deprived of property without due process of law.

The issues presented in this matter are identical to those presented and resolved by this Court in the related matter of *Armour I.* In that case, we held that where an employer challenges a fee determination of the Bureau's Medical Fee Review Section for the stated reason that the service was not rendered by a "provider" as defined by the Act, this threshold question must be decided by the Hearing Office.

Accordingly, as in *Armour I*, we reverse the Hearing Office's adjudication and remand the matter for a determination of whether Pharmacy is a provider within the meaning of Section 109 of the Act, 77 P.S. §29.

_____
MARY HANNAH LEAVITT, President Judge

---

*Bureau of Workers' Compensation Fee Review Hearing Office (Traveler's Insurance Co.)*, 67 A.3d 117, 120 n.5 (Pa. Cmwlth. 2013). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Management Services, Inc., v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Armour Pharmacy,                              :
                Petitioner                     :
                                  :
          v.                                 :  No. 1726 C.D. 2017
                                  :
Bureau of Workers' Compensation              :
Fee Review Hearing Office                     :
(Wegman's Food Markets, Inc.),                :
                Respondent                   :

# **O R D E R**

AND NOW, this 12th day of April, 2019, the order of the Bureau of the Workers' Compensation Fee Review Hearing Office, dated November 1, 2017, is hereby REVERSED and this matter is REMANDED for further proceedings in accordance with the attached opinion.

        Jurisdiction relinquished.

 

_____
MARY HANNAH LEAVITT, President Judge