# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Saunders, :
                   Petitioner :
                   :
           v. : No. 1587 C.D. 2023
                   : Submitted: October 8, 2024
Pennsylvania Parole Board, :
                   Respondent :


BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge (P.)
                **HONORABLE MATTHEW S. WOLF**, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER      FILED: November 7, 2024**


Tyree Saunders (Saunders) petitions for review of a decision of the Pennsylvania Parole Board (Board), mailed September 25, 2023, that affirmed the Board's action mailed December 30, 2022, recommitting Saunders as a convicted parole violator (CPV) and establishing his parole violation maximum date as July 4, 2025.[1] The Board filed an "Application for Summary and Special Relief Pursuant to Pa.R.A.P. 1532" (Application) seeking quashal of Saunders' Petition for Review (Petition) on the basis the Petition was untimely. We grant the Board's Application and quash the Petition.

## I.     BACKGROUND

On December 4, 2012, Saunders was sentenced to serve two years, six months to five years on a charge of persons not to possess firearms and one year, six months

---

[1] Saunders filed a pro se Petition for Review. Counsel has subsequently entered an appearance and filed an appellate brief on Saunders' behalf.

to three years on a charge of possession of a controlled substance. (Certified Record (C.R.) at 1.) The sentences were to be served concurrent to one another. (*Id.*) Saunders was subsequently sentenced on February 1, 2013, to two years, six months to five years on a charge of possession with intent to deliver, which was to run consecutive to the possession of a controlled substance charge, and two years, six months to five years on a conspiracy to commit possession with intent to deliver charge, which was to run concurrent with his other sentences. (*Id.*) Saunders' maximum dates were June 2, 2020, and November 6, 2022, respectively. (*Id.* at 3.)

In August 2018, Saunders was granted parole and was actually released on December 4, 2018. (*Id.* at 7-11, 18.) Saunders was declared delinquent effective January 20, 2019, and a warrant to commit and detain was issued June 26, 2019. (*Id.* at 17-18.) On July 11, 2019, an Order to Recommit as a Technical Parole Violator (TPV) was issued. (*Id.* at 19.) Saunders owed 1,386 days of backtime and had 157 days of delinquency. (*Id.*) Thus, his new maximum date was April 12, 2023, which accounted for the time delinquent. (*Id.*)

On June 26, 2019, Saunders was arrested on new criminal charges by the Philadelphia Police Department. (*Id.* at 21.) A Notice of Board Decision issued on July 11, 2019, indicated Saunders was being detained pending disposition of those charges and recommitted him as a TPV for up to six months for changing his residence without permission and not successfully completing certain programming, which were conditions of his parole. (*Id.*) Saunders was released on automatic reparole on August 13, 2020. (*Id.* at 25.) He was declared delinquent effective September 7, 2020, and a warrant to commit and detain was issued on December 5, 2020. (*Id.* at 30-31.) By Board action dated January 11, 2021, he was detained pending disposition of new criminal charges following his arrest by the Philadelphia

Police Department on December 5, 2020. (*Id.* at 32.) Bail was set at $100,000 monetary on December 5, 2020, and was not posted. (*Id.* at 58, 62.) He was recommitted as a TPV to serve up to six months with automatic parole upon completion of programming. (*Id.* at 32-33.) An Order to Recommit was issued on January 14, 2021, which indicated that Saunders owed 947 days of backtime, with 89 days delinquent, and his maximum date was recalculated from April 12, 2023, to July 10, 2023. (*Id*. at 35.)

On September 8, 2021, Saunders pleaded guilty to the new charge, possession of firearm prohibited, and on November 10, 2021, Saunders was sentenced to 11 months, 15 days to 23 months of incarceration and 5 years of probation. (*Id.* at 37, 42, 63.) Credit was to be determined by the Philadelphia Prison System, and Saunders was ordered "to complete the full 23 months of incarceration." (*Id.* at 42, 63.) On November 5, 2022, Saunders was paroled on the new charge and placed in the custody of the Department of Corrections. (*Id.* at 68.)

After his conviction on the new charges, a notice of charges and hearing was executed, and Saunders waived the revocation hearing and his right to counsel and admitted the new convictions violated his parole. (*Id.* at 37-40.) By Notice of Board Action dated January 6, 2022, Saunders was recommitted as a TPV to serve six months. (*Id.* at 69.) He was also recommitted as a CPV to serve 18 months, concurrently, for a total of 18 months of backtime, when available, pending parole from the new conviction and return to a state prison. (*Id.*) An Order to Recommit established 972 days of backtime owed, and a new maximum date of July 4, 2025. (*Id.* at 71.) A December 20, 2022 Notice of Board Action indicated the Board elected not to award Saunders with credit for time spent at liberty on parole because

the new conviction was similar to the original offense and the new offense involved a weapon. (*Id.* at 73.)

On January 24, 2023, Saunders submitted an Administrative Remedies Form challenging his time credit. (*Id.* at 75.) Specifically, Saunders argued he served 23 months, 11½ of which should have gone towards his original sentence as he was being held on a Board detainer. (*Id.*) While the Administrative Remedies Form was pending, Saunders filed a Petition for Relief in Mandamus (Mandamus Petition) in this Court's original jurisdiction in August 2023. *See Saunders v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 377 M.D. 2023). Therein, Saunders sought an order directing the Board to issue a response to his Administrative Remedies Form.

By decision mailed September 25, 2023, the Board affirmed its calculation of the maximum date. (C.R. at 79-81.) The Board explained Saunders was reparoled on August 13, 2020. (*Id.* at 79.) At that time, his maximum date was April 12, 2023, leaving 972 days on his original sentence. (*Id.*) The Board further explained it denied Saunders credit for time spent at liberty on parole, meaning he owed those 972 days after being recommitted as a CPV. (*Id.*) The Board continued that Saunders absconded on September 7, 2020, at which time he was declared delinquent and was arrested on new charges with monetary bail being set, which was not posted, and a detainer being lodged on December 5, 2020. (*Id.* at 79-80.) On January 11, 2021, the Board detained Saunders on new charges and recommitted him as a TPV related to the September 2020 delinquency. (*Id.* at 80.) He was sentenced on the new charges on November 10, 2021, to 11½ months to 23 months of confinement and was paroled from that sentence on November 5, 2022. (*Id.*) The Board explained that because Saunders did not post bail, he was not entitled to any presentence credit since he was not detained solely on the Board's warrant. (*Id.*)

4

Because Saunders was sentenced to county incarceration, pursuant to Section 6138(a)(5) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(5), the new sentence had to be served before the original sentence could be served. (*Id.*) According to the Board, Saunders became available upon his parole from the new charges on November 5, 2022, and adding 972 days to that date yields the new maximum date of July 4, 2025. (*Id.*)

One day after its decision on the Administrative Remedies Form was issued, the Board filed an application for summary relief in No. 377 M.D. 2023, seeking to have the Mandamus Petition dismissed as moot on the basis Saunders received the relief he sought. The Court granted the application on October 23, 2023, and dismissed the Mandamus Petition as moot.

On November 20, 2023, Saunders filed an "Application for Exten[s]ion of Time to File Petition for Review" bearing the docket number from the mandamus action, seeking an extension of time to seek review of the Board's decision. Therein, Saunders alleged "[w]hile awaiting this Honorable Court's decision which determined how [he] must proceed," Saunders contacted the public defender's office for assistance in filing a petition for review, as the Board's letter indicated, but was informed he needed to obtain *in forma pauperis* (IFP) status first. (Application for Extension of Time ¶¶ 5-7.) Thus, he was requesting a 30-day extension to allow his IFP status to be verified. (*Id.* ¶ 8.) The Court docketed the filing at a temporary docket number and provided instructions to Saunders as to how to perfect his appeal of the Board's decision by filing a petition for review. (*See* 11/29/23 Notice.) The notice further advised Saunders that the November 20, 2023 filing date would be preserved so long as Saunders filed a proper petition for review within 30 days. (*Id.*) On January 2, 2024, Saunders filed his pro se Petition.

On February 23, 2024, following receipt of the certified record, the Court issued a per curiam order, noting the Petition appeared to be untimely, and directed the parties to address timeliness either in their principal briefs on the merits or in an appropriate motion. On February 28, 2024, the Board filed its Application. Therein, the Board asserts that the Petition must be quashed as untimely, rendering this Court without jurisdiction to act. The Board argues that although the Court preserved the filing date of November 20, 2023, to allow Saunders to perfect his appeal, that date is still outside the 30 days in which Saunders had to file his Petition. Furthermore, the Board asserts Saunders has not averred facts to warrant *nunc pro tunc* relief.

## II. PARTIES' ARGUMENTS

Saunders, now represented by counsel, argues he is entitled *to nunc pro tunc* relief. For support, he asserts that, as alleged in his Application for Extension of Time, which this Court treated as an attempt to appeal the Board's decision, Saunders was awaiting a decision on his Mandamus Petition to determine how to proceed. That was denied on October 23, 2023, and Saunders filed the Application for Extension of Time on November 22, 2023, which was within 30 days of the order. Saunders argues "[g]iven the confusion with the pleadings and [his] pro se status at the time of the filing," the late filing of the Petition was non-negligent, which is an exception entitling him to *nunc pro tunc* relief. (Saunders' Brief (Br.) at 12-13.)

In regard to the merits of his Petition, Saunders asserts the Board erred in recalculating his maximum date by not including time that Saunders had bail set but was being held on the Board's detainer. He asserts credit should have been awarded equitably since "he maxed out his new sentence." (*Id.* at 14.) Specifically, he asserts

he is entitled to credit for at least 11½ months he spent in custody before his new sentence commenced. For support that he is entitled to equitable relief, Saunders cites *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 392-93 (Pa. Cmwlth. 2019), which relied upon the Supreme Court's decision in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003), recognizing that "all time spent in confinement must be credited to either the new sentence or the original sentence." Saunders contends he is entitled to application of that exception as he was incarcerated for 11½ months while unable to post bail and on the Board's detainer, while also being recommitted as a TPV and serving the maximum on his new sentence.

The Board responds the Court is without jurisdiction as the Petition was filed outside the 30-day period for doing so.[2] The Board asserts it mailed its decision on September 25, 2023, and that decision advised Saunders that he could seek review in this Court by filing a petition for review within 30 days. Despite this, the Board argues Saunders did not do so until November 20, 2023, which was 26 days after the filing period expired.

The Board further argues that Saunders has not established he is entitled to *nunc pro tunc* relief. It asserts:

> Saunders' sole argument in support of *nunc pro tunc* consideration of his [P]etition is that he was unsure as to what, if any, impact his then-pending . . . Mandamus [Petition] had on his time limit to appeal. However, this allegation merely notes Saunders['] own personal and subjective lack of understanding of the appellate rules. It does not rise

---

[2] The Board cites Rule 903 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 903, for the 30-day period; however, that rule pertains to notices of appeal. The applicable rule here is Rule 1512 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1512, which governs petitions for review of quasijudicial orders, including orders of the Board. *Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 701 (Pa. Cmwlth. 1996).

7

to the level of fraud or administrative process breakdown that would entitle him to relief.

(Board's Br. at 9.) The Board again points to the notice in its decision advising Saunders of the time limitation to seek review.

As to the merits of Saunders' Petition, the Board argues the maximum date was properly calculated. The Board argues it is well established that a CPV who is incarcerated on both new criminal charges and a Board warrant gets the credit towards the new sentence. Because Saunders was not detained solely on the Board warrant, the Board argues the time was properly applied to Saunders' new sentence, for which he did not post bail. Moreover, the Board argues it was within its discretion to deny Saunders credit for time spent at liberty on parole.

## III. DISCUSSION

As it is a threshold issue involving our jurisdiction, we must first address the timeliness of the Petition. Generally, a petition for review must be filed within 30 days after entry of the order for which review is being sought. Rule 1512(a)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1512(a)(1); *Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 701 (Pa. Cmwlth. 1996). An appellate "court may not enlarge the time for filing . . . a petition for review." Rule 105(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 105(b). The failure to timely appeal an administrative agency's action goes to the Court's jurisdiction. *Altieri v. Pa. Bd. of Prob. & Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985) (citation omitted). "[T]he time for taking an appeal cannot be extended as a matter of grace or mere indulgence." *H.D. v. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000). Here, the Board's decision was mailed September 25, 2023; thus, Saunders had until October 25, 2023, to file his Petition. The Application for

Extension of Time, which this Court treated as an unperfected Petition, was filed November 20, 2023, which was outside the 30 days.

Although Saunders' Petition was untimely filed from the date of the Board's decision, there are limited situations where a petition for review may be considered *nunc pro tunc*. Those situations include where there was fraud, a breakdown in the administrative process, or where non-negligent circumstances related to the petition, his counsel, or a third party caused the delay. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996). To be entitled to *nunc pro tunc* relief, a petitioner must show: (1) he filed the petition shortly "after learning of and having an opportunity to address the untimeliness"; (2) the time that elapsed is very short in duration; and (3) the respondent will not suffer prejudice. *H.D.*, 751 A.2d at 1219. A petitioner is entitled to *nunc pro tunc* relief under the non-negligent circumstances exception, which is the exception Saunders seeks to invoke, "only in unique and compelling cases in which the [petitioner] has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001).

Saunders alleges he was confused by the litigation surrounding his Mandamus Petition. Because Saunders was awaiting a decision in that matter as to how to proceed, and given his pro se status at the time, he argues the Petition should be permitted as it was filed within 30 days of the order dismissing the Mandamus Petition.

While we are sympathetic to Saunders, under these circumstances, we cannot conclude Saunders is entitled to extraordinary *nunc pro tunc* relief. This is particularly so when the Board's decision explicitly advised Saunders of his right to appeal, the time period for doing so, and the consequences of not doing so. (*See*

9

C.R. at 81 ("Failure to appeal a decision may affect your legal rights. . . . If you wish to appeal this decision, you must file an **appellate petition for review** with the Commonwealth Court within **thirty (30) days of the mailing date** of the Board's response.") (emphasis added). In *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 602 (Pa. Cmwlth. 2015), we held a petitioner's "subjective misunderstanding or confusion related to the straightforward appeal language in the [] notice . . . cannot, by itself, justify extension of the statutorily mandated 30-day appeal period." *See also Barrett v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 858 C.D. 2016, filed May 15, 2017), slip op. at 8 ("A mere misunderstanding or confusion regarding the necessity for an appeal or an appeal deadline . . . will not serve as the basis for the filing of an appeal after a statutorily mandated period.").[3]

Saunders points only to the pending Mandamus Petition to explain why he did not file his Petition earlier. However, even had the Mandamus Petition been granted, Saunders would not have been afforded the same relief he seeks in the instant matter. In the Mandamus Petition, Saunders only sought to compel the Board to respond to his Administrative Remedies Form, which it subsequently did.

Finally, Saunders' status as a pro se litigant also does not provide a legally sufficient excuse for the late filing. *See Barrett*, slip op. at 9 ("[T]he fact that an appellant is unrepresented does not excuse his misunderstanding or lack of knowledge of the law that is required to effectuate a timely appeal."); *Hinds v. Dep't of Transp., Bureau of Motor Vehicles*, 740 A.2d 1217, 1219 (Pa. Cmwlth. 1999) (explaining that pro se parties "assume[] the risk that [their] lack of legal knowledge

---

[3] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

might prove to be [their] undoing" and the lack of knowledge of "proper appellate procedure" is not enough to permit an appeal *nunc pro tunc*); *Fritz v. Workmen's Comp. Appeal Bd. (Kim Mfg. Co., Inc.)*, 527 A.2d 636, 637 (Pa. Cmwlth. 1987) (holding an unrepresented litigant's argument "that he was 'not skilled in the law'" was insufficient to overcome an untimely appeal (citation omitted)).

As Saunders' Petition was untimely filed and Saunders did not establish legally sufficient grounds to justify *nunc pro tunc* relief, we are constrained to conclude we lack jurisdiction over the Petition. Accordingly, we grant the Board's Application and quash the Petition.[4]

**RENÉE COHN JUBELIER,** President Judge

---

[4] Even if the Court had jurisdiction to consider Saunders' Petition, we would have to affirm the Board's decision. The Board's decision is consistent with *Gaito v. Pennsylvania Board of Probation and Parole*, in which the Supreme Court held that if the parolee has met bail on the new charges, but remains in custody **solely** on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence." 412 A.2d 568, 571 (Pa. 1980). On the other hand, if the parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to [the] new sentence." *Id.* Similarly, when a parolee "[i]s detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his new criminal sentence[.]" *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). Only if "it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence" may the excess time be applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (emphasis omitted). Here, although Saunders served more than his 11½-month minimum sentence on the new charge, he did not serve more than the 23-month maximum sentence. In fact, he was ordered to serve the full 23 months. (C.R. at 42, 63.) That 23 months was properly credited towards his new sentence, and there was nothing left of Saunders' time in pre-sentence incarceration, which was less than even his minimum sentence, to credit toward the original sentence under *Armbruster*.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Saunders,                                :
                          Petitioner           :
                                               :
              v.                               :     No. 1587 C.D. 2023
                                               :
Pennsylvania Parole Board,                     :
                          Respondent           :

# O R D E R

**NOW**, November 7, 2024, the "Application for Summary and Special Relief Pursuant to Pa.R.A.P. 1532," filed by the Pennsylvania Parole Board, is **GRANTED**, and the Petition for Review filed by Tyree Saunders is **QUASHED** for lack of jurisdiction.

_____

**RENÉE COHN JUBELIRER,** President Judge