George General, Appellant, *v.* E. Roseman Co., Coal Operator's Casualty Co., Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued September 14, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

570

*Gerald J. Haas*, for appellant.

*Walter J. Thimby, Jr.*, with him *Elmer C. Schmoyer* and *LaBrum and Doak*, for appellees.

OPINION BY JUDGE KRAMER, November 20, 1973:

This is an appeal by George General (General) from an order of the Workmen's Compensation Appeal Board (Board) dated February 15, 1973. The Board awarded General compensation, but it also credited the employer and insurance company for monies paid by way of a settlement in conjunction with a prior stipulated termination of compensation. General's sole contention on appeal concerns the propriety of giving the employer credit for the monies so paid in light of the prohibitions found in Section 407 of The Pennsylvania Workmen's Compensation Act (hereinafter Act), Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §731.

Unfortunately, a careful perusal of the record indicates that General's appeal is not timely filed. Section 427 of the Act, 77 P.S. §873, provides: "Such appeal must in all cases be brought within twenty days after notice of the action of the board has been served upon such party, unless the Commonwealth Court, shall, upon cause shown, extend the time herein provided for

taking the appeal."[1]  This is not a case where an extension of time was requested.

The Board's order in this case was filed on February 15, 1973.  The relevant docket entries and letters of notice to the parties from the Board indicate that said notice also was mailed on February 15, 1973.  Section 406 of the Act, 77 P.S. §717, in pertinent part reads: "All notices and copies to which any parties shall be entitled under the provisions of this article shall be served by mail, or in such manner as the department shall direct.  For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served. . . ."

The proper method of computing any statutory period of time is found in Section 1908 of the Statutory Construction Act of 1972, Act of November 25, 1970, P. L. 707, as amended, 1 Pa. S. §1908.[2] The law is quite clear that such calculations exclude the first day and include the last day.

Using the statutory guidelines, the last day on which General could file an appeal was March 7, 1973.  Gen-

---

[1] Section 502 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.502, granting 30 days for appeals, is not applicable because Section 427 of the Workmen's Compensation Act, 77 P.S. §873 was amended by a later act, viz., the Act of February 8, 1972, P. L.      , No. 12, §3.  *See* Section 1936 of the Statutory Construction Act of 1972, Act of November 25, 1970, P. L. 707, as amended, 1 Pa. S. §1936.

[2] Section 1908 provides: "When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period.  Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."

eral apparently mailed his appeal on March 6, 1973, but it was not received and filed until March 8, 1973. Mailing an appeal is not filing an appeal in this Court. *Cf. Gauger v. Boiler Engineering & Supply Co.* (Nos. 118, 119 C.D. 1970, filed September 12, 1973). The issue raised by the failure to file a timely appeal is jurisdictional and as such the court, absent fraud or the like, cannot properly decide the merits of the appeal. *See Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A. 2d 169 (1971); *Shellem v. Springfield School District*, 6 Pa. Commonwealth Ct. 527, 297 A. 2d 179 (1972). Having found the appeal not to be timely filed, it must be dismissed. Therefore, we

### ORDER

AND Now, this 20th day of November, 1973, the appeal of George General is dismissed, and it is hereby ordered that judgment is entered in favor of George General and against E. Roseman Company and/or its insurance carrier, Coal Operator's Casualty Company, for total disability at the rate of forty dollars ($40) per week, beginning July 5, 1972, and continuing thereafter until such time as his disability ceases or changes in extent or character, together with legal interest for compensation withheld or not paid, all within the provisions of the Workmen's Compensation Act.

