336 A.2d 287
George GENERAL, Appellant,

v.

E. ROSEMAN COMPANY et al.

Supreme Court of Pennsylvania.

Argued Nov. 18, 1974.

Decided April 17, 1975.

**286**

Gerald J. Haas, Philadelphia, for appellant.

Walter J. Timby, Jr., LaBrum & Doak, James M. Marsh, Philadelphia, for appellee, E. Roseman Co.

## OPINION OF THE COURT

MANDERINO, Justice.

The issue presented in this appeal is whether an appeal from an order of the Workmen's Compensation Appeal Board to the Commonwealth Court is perfected as of the date when it is mailed or as of the date when it is received and filed in that court.

On February 15, 1973, an order against appellant was entered and *mailed* by the Workmen's Compensation Appeal Board. On March 6, 1973, the appellant, an employee-claimant, *mailed* his appeal to the Commonwealth Court. The appeal was *received and filed* in the Commonwealth Court on March 8, 1973. The Commonwealth Court *sua sponte* dismissed the appeal as untimely holding that March 7, 1973, was the final day on which the appellant could appeal. *General v. E. Roseman Co., et al.*, 10 Pa.Cmwlth. 569, 312 A.2d 609 (1973). Petition for allowance of appeal was granted, and this appeal followed.

The Commonwealth Court held that the appellant's appeal was not perfected because it was not *received and filed* in that court until March 8, 1973. We do not agree. When a statute or a rule requires that an appeal be *filed* within a certain period of time, we have held that an untimely *filing* will not perfect the appeal. *Luckenbauch v. Luckenbauch*, 443 Pa. 417, 281 A.2d 169 (1971). *See also Walsh v. Tucker*, 454 Pa. 175, 312 A.2d 11 (1973).

In this appeal, however, we must interpret statutory language which does not use the word "file." Section

427 of the Pennsylvania Workmen's Compensation Act sets forth the statutory period within which an appeal to the Commonwealth Court must be perfected. The section provides:

"Such appeal must in all cases be *brought* within twenty days after notice of the action of the board has been served upon such party, unless the Commonwealth Court, shall, upon cause shown, extend the time herein provided for *taking* the appeal." (Emphasis added.) Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 873.

Section 427 says nothing about *filing* an appeal. Rather, it speaks of an appeal being *brought* and the time for *taking* an appeal. In *Fritsch v. Pennsylvania Golf Club*, 355 Pa. 384, 50 A.2d 207 (1947), we noted "the Workmen's Compensation Act must be considered as an entirety; each section thereof must be read and construed in conjunction with the others, not as a separate law unto itself. The Act is remedial, and should receive a liberal construction." *See Patter v. Superior Steel Co.*, 263 Pa. 244, 106 A.2d 202 (1919); *Crucible Steel Co. of America v. Workmen's Compensation Appeal Board*, 9 Pa.Cmwlth. 269, 306 A.2d 395 (1973). Thus, in order to determine when an appeal has been *brought* or *taken* within the meaning of the Act it is necessary to consider Section 427 in its statutory context.

Section 406 of the Act provides:

"All notices and copies to which any party shall be entitled under the provisions of this article shall be served *by mail*, or in such manner as the board shall direct. For the purposes of this article any notice or copy shall be deemed served *on the date when mailed*, properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the

mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert *any right given him by this act.*

The department, the secretary, and every referee shall keep a careful record of the *date of mailing* every notice and copy required by this act to be served on the parties in interest." (Emphasis added.) Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 717.

■ The above section places great emphasis on *mailing* both as a method of communication and as a procedural guidepost. Under the above section the twenty days allowed under Section 427 for the "bringing" or "taking" of an appeal commences when a Board order is *mailed* because mailing constitutes service of the order even though the appellant may not receive the order for several days. In the absence of language to the contrary, it would be inconsistent to hold that the legislature intended to employ two different standards to mark the beginning and the end of the appeal period. Under Section 406, the appeal period begins when the Board *mails* its order. The end of the appeal period should likewise be the day the appellant *mails* his appeal—not when it is received and filed. Otherwise, the appellant would not have the benefit of a full twenty-day appeal period allowed in Section 427, because mail is seldom, if ever, received on the date of mailing.

■ Moreover, Section 406 provides that *mailing* is to be the controlling factor under *the article.* Section 406 is in Article IV of the Act as is Section 427 which speaks of an appeal being "brought" or "taken." If *mailing* controls at all times when a party is to *receive* official papers, it should also control when that same party is *sending* official papers. We therefore conclude that Section 427 when read in its statutory context, means that an appeal has been brought or *taken* when the appeal is *mailed* on time. In this case the appeal was

timely mailed and thus perfected within the required twenty days.

The order of the Commonwealth Court quashing appellant's appeal is vacated and the matter remanded to the Commonwealth Court for a consideration of the merits of the case.

JONES, C. J., dissents. .