Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and American Sterilizer Co. *v.* William M. Johnson, Appellant.

Argued May 8, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*William M. Johnson,* appellant, for himself.

*Richard H. Scobell,* with him *James N. Diefenderfer,* for appellees.

232

OPINION BY JUDGE KRAMER, July 11, 1975:

This is an appeal by William M. Johnson (Johnson) from an adjudication of the Workmen's Compensation Appeal Board (Board), dated December 5, 1974, which affirmed a referee's decision dismissing a claim petition filed by Johnson.

Our careful examination of the record in this case forces us to conclude that Johnson's appeal must be dismissed because it was untimely filed. Section 427 of the Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §873 (Supp. 1974-1975) requires that an appeal from the Board must be brought in this Court within twenty days after notice of the Board's action has been served. Section 406 of the Act, 77 P.S. §717 (Supp. 1974-1975), provides that notice will be deemed served on the date when mailed. In this case the Board's adjudication was mailed to Johnson on December 5, 1974. We compute Johnson's appeal period by excluding the first day and including the last day, which results in the last day being December 25, 1974. However, since December 25 is a legal holiday, we must omit it from our computation with the result being that the last day for Johnson to bring his appeal was December 26, 1974. Johnson's appeal was filed in this Court on February 3, 1975.

In the past this Court has held that section 427 of the Act requires that an appeal *be filed* within twenty days after notice of the Board's action is served. *See General v. E. Roseman Co.,* 10 Pa. Commonwealth Ct. 569, 312 A.2d 609 (1973), rev'd Pa. , 336 A.2d 287 (1975). However, in *General, supra,* the Supreme Court reversed this Court and held that in order to be timely pursuant to section 427 of the Act, 77 P.S. §873 (Supp. 1974-1975), an appeal need only be *mailed,* properly stamped and addressed, within twenty days after notice of the Board's action is served.

In the instant case, Johnson's appeal was filed in this Court on February 3, 1975 and clearly was mailed after the twenty-day appeal period had expired. The record indicates that Johnson attempted to appeal from the Board's decision by mailing a letter to the Board. Johnson, who lives in Erie, Pennsylvania, received the following letter, dated December 26, 1974, in reply:

"I am returning your letter appeal of December 24, 1974, addressed to the Board.

"Appeals from decisions of the Workmen's Compensation Appeal Board must be taken to the Commonwealth Court of Pennsylvania, 6th Floor, Finance Building, Harrisburg, Pa. 17120. For your information, I am enclosing a copy of Section 427 of the Workmen's Compensation Act which is the provision pertaining to such appeals.

/s/ Louis L. Kaplan, Secretary

Workmen's Compensation Appeal Board"

This Court is located in the South Office Building rather than the Finance Building and, therefore, the incorrect address in the above-quoted letter might have operated to Johnson's detriment. However, since the letter is dated December 26, 1974, Johnson could not have received it in Erie until after his appeal period had expired. The incorrect address given to Johnson by the Board could not have caused him to miss his time for appeal.

In summary, the appeal in the instant case was mailed beyond the applicable twenty-day appeal period and, therefore, it must be quashed.