Workmen's Compensation Appeal Board and Louis J. Braun *v.* The Budd Company, Appellant.

Submitted on briefs, February 4, 1977, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Kirk T. Karaszkiewicz,* with him *Montgomery, Mc-Cracken, Walker & Rhoads,* for appellant.

*Albert Ring,* with him *D'Agui & Del Collo,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, March 14, 1977:

This appeal has been taken by The Budd Company (employer) from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's award of benefits to Louis J. Braun (claimant) for disfigurement for 11 weeks at the rate of $114 per week and for 4 weeks at the rate of $171 per week. The employer has argued that the award was excessive and that, since the award was for disfigurement, the referee and Board improperly considered a fractured tooth which had been repaired. Since our reading of the record indicates that the employer's appeal to this Court was not timely, we do not reach these questions in quashing the appeal sua sponte.

Section 427 of The Pennsylvania Workmen's Compensation Act[1] (Act) provides: "Such appeal must in all cases be brought within twenty days after notice of the action of the board has been served upon such party, unless the Commonwealth Court, shall, upon cause shown, extend the time herein provided for taking the appeal."[2] In measuring the 20 days, the date

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §873.

[2] The 30-day period in Section 502 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, *1970,* P.L. 673, 17 P.S. §211.502,

of the *mailing* of the Board's order will begin the period,[3] and the appellant must *mail* his appeal within 20 days of that date to be timely. *General v. E. Roseman Co.*, 461 Pa. 284, 336 A.2d 287 (1975), *rev'g* 10 Pa. Commonwealth Ct. 569, 312 A.2d 609 (1973); *Workmen's Compensation Appeal Board v. Johnson*, 20 Pa. Commonwealth Ct. 231, 341 A.2d 539 (1975). Here, the Board's order was mailed on May 27, 1976. by counting May 28 as the first day, the last day for mailing a timely appeal was Thursday, June 16, 1976.[4] However, the employer's appeal was both notarized and postmarked June 17, 1976 and was therefore untimely.

Since the failure to bring a timely appeal is a jurisdictional matter, it may be raised sua sponte and precludes us from reaching the merits. *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 214 A.2d 203 (1965). Therefore, we make the following

ORDER

AND Now, this 14th day of March, 1977, the appeal of The Budd Company from the order of the Workmen's Compensation Appeal Board dated May 11, 1976, is quashed.

---

is not applicable here, since the Legislature reenacted the 20-day period when it amended Section 427 by Section 3 of the Act of February 8, *1972*, P.L. 25. Statutory Construction Act of 1972, 1 Pa. C.S. §1936. Similarly, the current 30-day period in Pa. R.A.P. 1512 is not applicable since the dates in question precede July 1, 1976, the effective date of the Pennsylvania Rules of Appellate Procedure.

[3] Section 406 of the Act, 77 P.S. §717.

[4] Statutory Construction Act of 1972, 1 Pa. C.S. §1908.