***FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-15-0000053
02-MAR-2017
08:06 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

LANRIC HYLAND,
Petitioner/Petitioner-Appellant,

vs.

RONALD GONZALES and STEWART MAEDA, in his official capacity as
Hawai'i County Clerk,
Respondents/Respondents-Appellees.

SCWC-15-0000053

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000053; APPEAL NO. 14-01)

MARCH 2, 2017

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY POLLACK, J.

Hawaii Revised Statutes (HRS) § 11-25 provides procedures for the challenging of a person's voter registration status. When a challenge is brought prior to the day of an election, HRS § 11-25(a) applies, which allows a voter to challenge "the right of a person to be or to remain registered as a voter in any precinct" through a written challenge. The

challenge must set forth the grounds upon which it is based and be delivered to the county clerk of the respective county; the clerk is required to promptly investigate and rule on the challenge.  HRS § 11-25(a).  In cases where the clerk rules on a challenge prior to election day, appeals may be made from the clerk's ruling to the local board of registration pursuant to HRS § 11-26(b).  Such appeals must be brought within ten days of service of the adverse decision.  HRS § 11-26(b).

The petitioner in this case, Lanric Hyland, appealed from a county clerk decision to the local board of registration for the County of Hawai'i (the "local board").  The local board determined that Hyland's appeal was due on October 14, 2014, based in part on its determination that October 13, 2014, was a holiday and tolled his appeal deadline for that day.  Although the local board determined that Hyland mailed his appeal within ten days of service of the county clerk's decision, the board ruled that Hyland's appeal was untimely because the board did not receive his appeal until after October 14, 2014.  Thus, the local board concluded that it was without jurisdiction to review the appeal.  The Intermediate Court of Appeals (ICA) affirmed the local board's determination that Hyland's appeal was not timely because the board did not receive the appeal within ten days of service of the county clerk's decision.  However, the ICA also determined that Hyland did not mail his letter within

the ten-day filing period because the second Monday in October is not a Hawai'i state holiday.

We hold that the board had jurisdiction to consider the merits of Hyland's appeal, and we also determine that the second Monday in October--recognized by the federal government as Columbus Day--is a holiday for purposes of the computation of time as to when an act is to be done under HRS § 1-29. Accordingly, we vacate the decisions of the ICA and the local board and remand the case to the local board for further proceedings.

## I.    BACKGROUND

Hyland challenged the voter registration of Ronald Gonzales in District 9 by filing a challenge with the Office of the County Clerk of the County of Hawai'i (the "county clerk"). In a letter mailed on October 2, 2014, the county clerk determined that Gonzales was properly registered in District 9.

Hyland appealed the county clerk's decision to the local board by a letter dated and sent by registered mail on October 14, 2014.  Hyland's letter noted that the county clerk's decision was served on October 2, 2014, and that his appeal was timely filed because, although the tenth day was Sunday, October 12, the appeal did not need to be postmarked until Tuesday, October 14, as Monday, October 13, was a federal holiday.

Gonzales filed objections to the jurisdiction of the local board, arguing that the appeal was untimely because it was not received by the local board until October 16.  Gonzales argued the following with regard to the filing deadline:

> The Clerk issued his decision on October 1, 2014, and completed service via certified mail on October 2, 2014.  Counting forward, the tenth day was Sunday, October 12, 2014.  Since the Clerk served his decision by mail, Hawaii Rules of Civil Procedure ("HRCP") Rule 6(e) was triggered.  This section enlarged the original 10-day period by two days, for a total of 12 days.  The twelfth day fell on Tuesday, October 14, 2014.  This was the deadline for the filing of the appeal.

Gonzales contended that because October 14, 2014, was not a Saturday, Sunday, or holiday, there was no provision in any applicable law that allows for an extension beyond October 14, 2014.  Gonzales asserted that the local board's consideration of Hyland's untimely appeal would infringe on his due process rights.  Hyland filed a reply arguing that Gonzales misinterpreted when the appeal was filed, and he maintained that the appeal was filed on the date of mailing--October 14, 2014.

A prehearing conference was held before the local board.[1]  At the prehearing conference, Gonzales raised his objections to the board's jurisdiction and the board heard arguments.  At the conclusion of the hearing, the local board decided that the appeal was untimely.  The board subsequently

---

[1]     The prehearing conference was held at Waimea Middle School on the island of Hawaiʻi, before local board chair Philip Matlage and member Andrew Kahili.

issued its decision in its Findings of Fact, Conclusions of Law and Order Dismissing Appeal, dated January 9, 2015.

The board found that the appeal from the county clerk decision was filed on October 16, 2014. The board concluded that the appeal was untimely because the mailing of the appeal by registered mail did not constitute "filing." The board relied on Hawaii Administrative Rules (HAR) § 3-172-43(a), which provides,

> An appeal of the clerk's ruling shall be made in writing by filing a notice of appeal with the chairperson of the board of registration within ten days of the service of the clerk's decision.

Quoting Black's Law Dictionary (9th ed. 2009), the board reasoned that "filing" means delivery of legal documents "to the court clerk or record custodian for placement into the official record":

> Haw. Admin. R. § 3-172-43(a) requires that an appeal be made in writing by "filing a notice of appeal" with the chairperson of the Board within ten days of service of the clerk's decision. The common understanding of the word "file" means to "deliver a legal document to the court clerk or record custodian for placement into the official record."

The board also noted that, because October 13, 2014, was a holiday, the last day Hyland could have timely filed an appeal was on October 14, 2014. Accordingly, the board concluded that it lacked jurisdiction to consider the appeal because the appeal was not received until October 16, 2014.

Hyland appealed to the ICA, challenging the local board's determination that his appeal was not timely.[2] In a memorandum opinion, the ICA affirmed the order dismissing the appeal, concluding that Hyland's appeal was not timely as it was not filed until the date it was received by the local board in the mail. The ICA endorsed the local board's definition of "filing" within HAR § 3-172-43(a) to mean "deliver[y] of the Appeal letter to the Board within ten days of when the County Clerk properly mailed his adverse decision to them." Thus, the ICA concluded that in order for Hyland's appeal to be timely, he was required to deliver his appeal letter to the local board within ten days of when the county clerk mailed the adverse decision.

The ICA additionally held that the local board erroneously concluded that October 13 was a holiday that tolled the appeal deadline to October 14. In a footnote explaining this ruling, the ICA noted that the second Monday in October is not listed as a state holiday under HRS § 8-1, which enumerates

---

[2] Hyland also contended that the information given to him by the local board with regard to how to file his notice of appeal was insufficient, constituting a denial of his right to due process. The ICA held that Hyland waived his due process challenge regarding the information he received from the local board regarding filing an appeal because he failed to identify any legal authority for his contention. We do not review this ruling in light of our disposition in this case.

the holidays recognized by the State, and HRS § 8-1.5 provides

that Discoverer's Day is not recognized as a state holiday.[3]

Hyland filed an application for writ of certiorari

with this court, which was granted.

## II.  DISCUSSION

Hyland challenges the local board's dismissal of his

appeal for lack of jurisdiction.  Hyland asserts that the

board's interpretation of the ten-day filing period "completely

obliterates the legislative purpose" to provide ten days in

which to file an appeal as provided by HRS § 11-26(b).[4]

Accordingly, we consider whether the local board had

jurisdiction to consider Hyland's appeal.[5]  The resolution of

this issue hinges on whether Hyland timely brought his appeal of

the county clerk's decision to the local board.  Thus, we first

determine the date the ten-day statutory appeals period closed,

_____

[3]    HRS § 8-1.5 states that "the second Monday in October shall be known as Discoverers' Day, in recognition of the Polynesian discoverers of the Hawaiian Islands, provided that this day is not and shall not be construed to be a state holiday."

[4]    Hyland also argues that his due process rights were violated based on incomplete information he received from the Board of Registration concerning the filing of his appeal.  In his supplemental memorandum to this court, he also asserts that the local board's delivery requirement violates equal protection.  We do not address Hyland's constitutional assertions in light of our disposition of the case.

[5]    Because the issue regarding the filing requirements to timely bring an appeal determines the jurisdiction of the local board, we review the board's determination de novo.  See Dupree v. Hiraga, 121 Hawai'i 297, 312, 219 P.3d 1084, 1099 (2009) ("The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." (quoting Captain Andy's Sailing, Inc. v. Dep't of Land & Nat. Res., 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006)).

7

and second, we review the local board's interpretation of its jurisdiction under HRS § 11-26(b).

**A.**

The ICA determined that the local board erroneously concluded that October 13, 2014, was a holiday that tolled Hyland's appeal deadline to October 14, 2014.

HRS § 1-29 (2009) provides the following with regard to the computation of time:

> The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday and then it is also excluded. When so provided by the rules of court, the last day also shall be excluded if it is a Saturday.

Thus, if the last day to complete an act is a Sunday or holiday, the actor has until the following day to complete the act. HRS § 1-29 is included in Chapter 1 of Title 1 pertaining to common law and the construction of laws. Chapter 1 also includes HRS § 1-32 regarding acts to be done on holidays:

> Whenever any act of a secular nature other than a work of necessity or mercy is appointed by law or contract to be performed upon a particular day, which day falls upon a Sunday or holiday, the act may be performed upon the next business day with the same effect as if it had been performed upon the appointed day. When so provided by the rules of court, the act also may be performed upon the next business day with the same effect as if it had been performed upon the appointed day if the appointed day falls on a Saturday.

8

HRS § 1-32 (2009).  Although both provisions reference "holiday," there is no definition for the term in Chapter 1.[6]

Chapter 8 of Title 1 is entitled "Holidays and Periods of Recognition and Observance."  There is no definition of "holiday" in Chapter 8.  HRS § 8-1 lists the holidays that are designated as "state holidays" and also recognizes as a "state holiday" any day designated as a holiday by proclamation of the President of the United States.[7]  HRS § 8-1.

As discussed, Chapter 1, which pertains to common law and the construction of laws, uses the term "holiday" with regard to the computation of time under laws and contracts as opposed to HRS § 8-1, which designates "state holidays." Because Chapter 1 uses the term "holiday" rather than the term "state holiday," it appears the legislature intended that the term "holiday" would include holidays other than state holidays. In this case, we must consider whether the second Monday in October is a holiday for purposes of HRS § 1-29, even though it is not designated as a state holiday under HRS § 8-1.

---

[6]    It appears the ICA's interpretation of "holiday" as used in HRS § 1-29 would also apply to the term "holiday" as used in HRS § 1-32 regarding acts that are specified to be done by law or contract.

[7]    Columbus Day was not designated as a holiday by presidential proclamation in 2014.  See Presidential Proclamation--Columbus Day 2014, the White House (Jan. 26, 2017), https://obamawhitehouse.archives.gov/the-press-office/2014/10/10/presidential-proclamation-columbus-day-2014.

Federal law designates the second Monday in October, Columbus Day, as a federal holiday.  See U.S.C. § 1603(a) (2012).  As a public holiday, October 13, 2014, was considered a legal public holiday for purposes of federal agencies and the United States Postal Service.[8]  Given that Columbus Day is a federal public holiday--and federal courts, agencies, and the United States Postal Service are closed--October 13, 2014, was a "holiday" for purposes of the computation of time under HRS § 1-29.[9]

Although the ICA was correct to the extent that it determined October 13, 2014, was not a Hawai'i state holiday, the ICA erred in holding that "holiday" as used in HRS § 1-29 only includes "state holidays."  Thus, the local board properly determined that October 13, 2014, was a holiday for purposes of computing the time Hyland had to appeal the county clerk's decision.  For the reasons discussed, Hyland's ten-day period to bring his appeal began on October 2, 2014, and continued through October 14, 2014.[10]

---

[8]    See Snow & Dismissal Procedures, Federal Holidays, OPM.GOV, https://www.opm.gov/policy-data-oversight/snow-dismissal-procedures/federal-holidays/#url=2014 (last visited Jan. 23, 2017) (listing Monday, October 13, 2014, as a holiday for federal employees).

[9]    It appears that the only federal holiday that is not a state holiday is Columbus Day.  Compare HRS § 8-1, with 5 U.S.C. § 1603.

[10]    Hyland maintained throughout the proceedings, including in his appeal to the ICA and his application for certiorari, that he was served on October 2, 2014.  Given that Hyland did not challenge the adequacy of service until his supplemental memorandum, we decline to address this contention.

**B.**

HRS § 11-26(b) provides for a challenger's right to appeal a decision by the county clerk that is made prior to election day:

> In cases where the clerk rules on a challenge, prior to election day, or refuses to register an applicant, or refuses to change the register under section 11-22, the person ruled against may appeal from the ruling to the board of registration of the person's county. The appeal shall be brought within ten days of service of the adverse decision. Service of the decision shall be made personally or by registered mail, which shall be deemed complete upon deposit in the mails, postage prepaid, and addressed to the aggrieved person's last known address. If an appeal from a decision on a challenge prior to election day is brought, both the challenger and the challenged voter may be parties to the appeal.

HRS § 11-26(b) (Supp. 2014). Thus, HRS § 11-26(b) provides for a right to appeal from the ruling of the county clerk to the local board that must be brought within ten days of service of the adverse decision. Service of the decision occurs upon the county clerk's mailing of its decision. HAR § 3-172-43(a), which relates to HRS § 11-26(b), provides that appeals are made by "filing a notice of appeal" within ten days of service of the clerk's decision.[11] Consequently, this case raises the question as to whether a local board has jurisdiction under HRS § 11-

---

[11] HAR § 3-172-43(a) (2010) provides,

> Any appeal of the clerk's ruling shall be made in writing by filing a notice of appeal with the chairperson of the board of registration within ten days of service of the clerk's decision.

11

26(b) to consider an appeal that is mailed, but not received, within ten days of service of the adverse decision.

Although the statute is ambiguous as to what it means to "bring" an appeal, "brought" must be interpreted in a manner that achieves the legislature's intent to provide a meaningful opportunity for appeal. In this case, the local board interpreted HAR § 3-172-43(a)'s "filing" requirement to mean delivery of the appellate document to the local board's O'ahu office. However, this interpretation of the rule to require delivery would commonly be unworkable and inconsistent with HRS § 11-26(b)'s provision of ten days for the bringing of an appeal. For example, in this case, the county clerk mailed its decision to Hyland's post office box address on October 2, 2014, a Thursday, via the United States Postal Service, first-class mail. Because the letter was mailed on a Thursday afternoon, it is possible that the letter could have been delivered to Hyland's post office box as late as the following Tuesday.[12] In order to ensure that a letter of appeal sent via the United States Postal Service would be delivered to the local board's O'ahu mailing address by October 14, 2014, a person in Hyland's position would have had to mail the letter on or before

---

[12]     Letters sent via first-class mail are delivered within three business days or less. Mail & Shipping Services, USPS.COM, https://www.usps.com/ship/mail-shipping-services.htm (last visited May 3, 2016).

Wednesday, October 8, 2014.[13]  Accordingly, a person under similar circumstances may have had only one day to mail the appeal following actual delivery of the county clerk's decision.

The local board's narrow interpretation of its jurisdiction is particularly concerning given that claims under HRS § 11-26 involve the integrity of the electoral process and the right to vote.  The same procedures that apply to Hyland in this case would also apply to a voter whose right to vote in a particular precinct has been challenged.  This court has recognized that "[t]he right to vote is of 'fundamental importance.'"  Green Party of Haw. v. Nago, 138 Hawai'i 228, 240, 378 P.3d 944, 956 (2016) (quoting Hayes v. Gill, 52 Haw. 251, 269, 473 P.2d 872, 883 (1970)).

Accordingly, given the remedial purpose of the statute and the import of the right to vote, we cannot conclude that HRS § 11-26 contemplates that a challenger may potentially have only a one-day window in which to appeal from a county clerk decision.  Cf. R.F.C. v. Prudence Sec. Advisory Grp., 311 U.S. 579, 582 (1941) ("Ambiguities in statutory language should not be resolved so as to imperil a substantial right which has been granted.").  If the legislature intended that local boards of registration's jurisdiction would be so limited, then the

---

[13]    See supra note 12.

13

legislature would have used language to indicate that delivery was required. Instead, the legislature chose to use the word "brought," which is not synonymous with "delivered" or even "filed." Courts in other jurisdictions have also recognized that the term "brought" does not unambiguously require the delivery of the legal document to the relevant authority. See Serna v. Law Office of Joseph Onwuteaka, P.C., 732 F.3d 440, 443 (5th Cir. 2013) ("'[B]ring such action' does not plainly mean 'file a pleading.'"); General v. E. Roseman Co., 336 A.2d 287, 289 (Pa. 1975) (interpreting "brought or taken" in a statute concerning appeals from a workmen's compensation board to include appeals mailed within the appeal period).

Further, the legislative history of HRS § 11-26(b) does not indicate that the legislature intended to limit a local board of registration's jurisdiction so narrowly as to require physical delivery of all appeals within ten days. In 1990, the legislature amended HRS § 11-26(b) to provide that appeals must be "brought" within ten days of the adverse decision. 1990 Haw. Sess. Laws Act 45, § 7 at 83-84. Although the primary purpose of the bill was to provide for voter registration by mail, the 1990 amendments also "update[d] statutory provisions relating to voter registration challenges" and "clarif[ied] the appeals procedures from a decision by the county clerk or an election official." S. Stand Comm. Rep. No. 2842, in 1990 Senate

14

Journal, at 1190-91. The legislative history notes that, prior to the 1990 amendments, the law was "vague as to the length of time before an appeal must be brought by an applicant declared ineligible to vote." H. Stand. Comm. Rep. No. 627-90, in 1990 House Journal, at 1074-75. Given the primary purpose of the 1990 amendments to make "the process of voter registration more convenient for the voters," in combination with clarification of the appeal process, it appears that the legislature intended to make participation in the voter registration process more accessible, and thus the delivery requirement adopted by the local board in this case does not comport with this legislative intent. S. Stand Comm. Rep. No. 2842, in 1990 Senate Journal, at 1190-91.

Accordingly, the local board's decision that it needed to receive Hyland's appeal by the tenth day is inconsistent with the legislature's intent to provide a meaningful time period for the bringing of an appeal from a county clerk decision. See HRS § 11-26(b) (providing that the appeal must be brought within ten days). By extension, the local board's interpretation of the filing requirement of HAR § 3-172-43 to require delivery to the chairperson of the local board was erroneous as it substantially diminished the right to appeal pursuant to HRS § 11-26(b). See Diamond v. Bd. of Land & Nat. Res., 112 Hawai'i 161, 175, 145 P.3d 704, 718 (2006)(noting that an agency's interpretation of

its regulation "must be consistent with the legislative purpose" of the related statute).  Indeed, while "[i]t is axiomatic that an administrative rule cannot contradict or conflict with the statute it attempts to implement," it is also not within an agency's authority to interpret and apply its own rules in a manner that restricts the act being administered.  See Lales v. Wholesale Motors Co., 133 Hawai'i 332, 354, 328 P.3d 341, 363 (2014) ("[A]n agency's authority to promulgate rules 'is limited to enacting rules which carry out and further the purposes of the legislation and do not enlarge, alter, or restrict the provisions of the act being administered.'").  Thus, the local board's decision in this case is erroneous to the extent that it conflicts with the legislature's intent to provide a meaningful opportunity to appeal and that it unnecessarily restricts the board's jurisdiction to consider such appeals.  In short, an agency may not interpret its authority in a manner that yields an unjust result "obviously inconsistent with the purpose and policies of the statute."  Cf. Pofolk Aviation Haw., Inc. v. Dep't of Transp., 136 Hawai'i 1, 7, 354 P.3d 436, 442 (2015) (quoting Schmidt v. HSC, Inc., 131 Hawai'i 497, 508, 319 P.3d 416, 427 (2014)).

Given that HAR § 3-172-43 does not unambiguously include the local board's delivery requirement, this rule may be interpreted and applied in a manner to be consistent with HRS §

11-26(b).  Cf. Si-Nor, Inc. v. Dir., Dep't of Labor & Indus. Relations, 120 Hawai'i 135, 146, 202 P.3d 596, 607 (App. 2009) (observing that a statute's use of the term "filing" was "sufficiently indistinct" to allow for clarification by agency rule).  Indeed, it appears that HAR § 3-172-43's "filing" requirement was previously interpreted by a local board of registration to include mailing in at least one other case.  In Dupree v. Hiraga, 121 Hawai'i 297, 219 P.3d 1084 (2009), the court considered a local board's jurisdiction over an appeal from a county clerk's decision.  The appeal in Dupree involved a challenge to a voter's eligibility pursuant to HRS § 11-25.  121 Hawai'i at 304, 219 P.3d at 1090.  In that case, the local board found that the challenger "filed" his appeal on the date that the letter itself was dated.[14]  Id. at 304, 306, 219 P.3d at 1091, 1093 (2009).  The voter in Dupree had challenged the local board's jurisdiction over the appeal based on the contents of the appeal.  Id. 121 Hawai'i at 299, 219 P.3d at 1086.  Although the voter's argument was not based on the time of the filing of the appeal, the finding of fact regarding the date of filing was specifically challenged, and this court concluded that the local board did not clearly err in finding that the board had

---

[14]    The regulation that applied in Dupree included the same "filing" requirement that exists today.  Compare HAR § 2-51-43 (2000) ("Any appeal of the clerk's ruling shall be made in writing by filing a notice of appeal with the chairperson of the board of registration within ten days of service of the clerk's decision."), with HAR § 3-172-43 (2010) (same).

17

jurisdiction.  Id. at 315, 219 P.3d at 1102; see also, e.g.,

Brooks v. Dana Nance & Co., 113 Hawai'i 406, 412, 153 P.3d 1091,

1097 (2007) (recognizing that Hawai'i appellate courts are "under

an obligation" to independently ensure jurisdiction in each case

and to sua sponte dismiss an appeal where the court lacks

jurisdiction).  Accordingly, it is also not inconsistent with

this court's previous decision in Dupree to conclude that the

board has jurisdiction over an appeal when the appeal letter is

mailed within ten days of service of the county clerk decision.

In this case, the local board's interpretation of HAR

§ 3-172-43 substantially diminished Hyland's right to appeal

under HRS § 11-26(b).  While the ICA correctly observes that

Hawai'i Rules of Civil Procedure Rule 6(e)--which provides an

additional two days for the filing of a response when the

triggering event is served by mail--does not apply to

computation for an agency proceeding, it appears that it would

be consistent with HRS § 11-26--and within the agency's

authority--to apply such a rule to voter challenge appeals.  We

do not doubt that there are other procedures that the Office of

Elections or local boards of registration may utilize that would

provide for a meaningful opportunity to appeal consistent with

HRS § 11-26.[15]  Accordingly, we hold that it is within the

_____

[15]    For example, the local boards may also consider the date of
mailing as the date of "filing" as the local board in Dupree did.  The Office

agency's jurisdiction to provide for procedures that facilitate a meaningful opportunity to appeal consistent with HRS § 11-26.

### III. CONCLUSION

For the reasons discussed, the ICA's March 9, 2016 judgment on appeal and the local board's January 9, 2015 "Findings of Fact, Conclusions of Law and Order Dismissing Appeals" are vacated, and the case is remanded to the local board for further proceedings consistent with this opinion.

<table>
<tr><td>

Robert H. Thomas,<br>
Mark M. Murakami and<br>
Veronica A. Nordyke<br>
for petitioner

Patricia Ohara,<br>
Valri Lei Kunimoto and<br>
Ewan C. Rayner<br>
for County of Hawai'i<br>
Board of Registration

Molly A. Stebbins,<br>
Melody Parker,<br>
Christopher P. Schlueter and<br>
Laureen L. Martin<br>
for Stewart Maeda, in his<br>
official capacity as Hawai'i<br>
County Clerk

</td><td>

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

</td><td>



</td></tr>
</table>

---

of Elections may also allow for filing electronically or may designate that filing of an appeal may occur by submission of the appeal to the county clerk in each of the districts.