IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessieco, Inc. and Southern
Insurance Company of
Virginia, c/o Donegal Mutual
Insurance Company,

               Petitioners

          v.

Workers' Compensation Appeal
Board (McCutcheon),

             Respondents

:
:
:
:
:
:
:
:
:
: No. 1172 C.D. 2019
: Submitted: January 17, 2020
:
:
:
:
:

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                 FILED: January 6, 2021

Jessieco, Inc. and Southern Insurance Company of Virginia, c/o Donegal Mutual Insurance Company (collectively, Petitioners) petition for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ), which granted a Fatal Claim Petition for Workers' Compensation by Dependents of Deceased Employees (Fatal Claim Petition) filed by Debra McCutcheon (Claimant), the widow of Joseph McCutcheon (Decedent). We quash the appeal.

---

[1]The decision in this case was reached before January 4, 2021, when President Judge Leavitt served as President Judge.

On February 2, 2017, Claimant filed the Fatal Claim Petition against Petitioners in which she alleged that Decedent suffered blunt force head trauma that caused his death on December 19, 2014, while in the course and scope of his employment as a general contractor. On August 16, 2018, the WCJ issued a decision granting the Fatal Claim Petition, and the Board issued an Opinion and Order affirming the WCJ's decision on July 12, 2019.

The Board's Opinion and Order included a notice to Petitioners that stated, in relevant part:

> Attached is a copy of an Opinion from the [Board] filed this date in the above-captioned case. An appeal to the Commonwealth Court of Pennsylvania may be taken by any party aggrieved by the Board's decision, provided such appeal is taken within (30) days after the mailing date of the Board's decision. The Board is not responsible for the filing or processing of further appeals to the Court. Further appeals may be filed in person or by mail (accompanied by U.S. Postal Services Form 3817) with the Prothonotary of the Commonwealth Court of Pennsylvania, 601 Commonwealth Avenue, Suite 2100, P.O. Box 69185, Harrisburg, PA 17106-9185. The Commonwealth Court may also be contacted at 717-255-1650 with questions related to a further appeal.

Reproduced Record (R.R.) at 193a.

Instead, it appears that Petitioners' counsel attempted to file a petition for review of the Board's Opinion and Order on August 8, 2019, by sending it to the Board at the following address:

> Commonwealth of Pennsylvania
> Workmen's [sic] Compensation Appeal Board
> Capitol [sic] Associates Building
> 901 North 7th Street, Third Floor South
> Harrisburg, PA 17102

*Id.* at 206a.

2

It further appears that on August 19, 2019, this mailing was returned by the postal authorities to the sender with the following notation:

RETURN TO SENDER
ATTEMPTED-UNKNOWN
UNABLE TO FORWARD
RETURN TO SENDER

*Id.*

Presumably, Petitioners' counsel received this returned mail and then, on August 23, 2019, again sent a petition for review of the Board's Opinion and Order to the Board at the following address:

Commonwealth of Pennsylvania
Workmen's [sic] Compensation Appeal Board
Pennsylvania Judicial Center
601 Commonwealth Ave
Harrisburg, PA 17120

*Id.* at 207a. On August 26, 2019, Petitioners' petition for review was docketed by this Court's Filing Office on the day that it was received at the above address.[2]

Section 5571(b) of the Judicial Code states, in relevant part, that "an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa. C.S. §5571(b). *See also* Pa. R.A.P. 105(b) ("An appellate court for good cause shown may upon application enlarge the time prescribed by these rules . . . for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing . . . a petition for review[.]"); Pa. R.A. P. 1512(a)(1) ("A petition for review

---

[2] We denied Petitioners' Petition for Supersedeas in a November 19, 2019 Memorandum Opinion and Order. *See Jessieco, Inc. v. Workers' Compensation Appeal Board (McCutcheon)* (Pa. Cmwlth., No. 1172 C.D. 2019, filed November 19, 2019).

of a quasijudicial order, or an order appealable . . . under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order."). Because the failure to bring a timely appeal from a Board order is a jurisdictional matter, it may be raised *sua sponte* and precludes this Court from reaching the merits. *Workmen's Compensation Appeal Board v. Budd Co.*, 370 A.2d 757, 758 (Pa. Cmwlth. 1977).

As outlined above, although Petitioners may have unsuccessfully attempted to appeal the Board's Opinion and Order by sending a timely petition for review to the Board, Petitioners failed to timely submit a petition for review to this Court, thereby depriving this Court of jurisdiction to consider the merits of this appeal. 42 Pa. C.S. §5571(b); Pa. R.A. P. 105(b), 1512(a)(1); *Budd Co. See also SPS Technologies v. Workers' Compensation Appeal Board (Marko)*, 907 A.2d 49, 50-51 (Pa. Cmwlth. 2006) (holding that an employer was not entitled to an appeal of a Board order *nunc pro tunc* because its petition for review was negligently submitted to the Board by counsel within the 30-day jurisdictional period, but was received by this Court beyond that period).

Accordingly, the instant appeal is quashed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessieco, Inc. and Southern      :
Insurance Company of           :
Virginia, c/o Donegal Mutual    :
Insurance Company,           :
                               :
             Petitioners   :
                               :
        v.               : No. 1172 C.D. 2019
                               :
Workers' Compensation Appeal   :
Board (McCutcheon),        :
                               :
            Respondents  :

# **O R D E R**

AND NOW, this 6th day of January, 2021, the above-captioned appeal is QUASHED.

_____
MICHAEL H. WOJCIK, Judge